## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| ORLANDO BRANSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-cv-794 |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus, filed by Orlando Branson, a pro se prisoner. For the reasons set forth below, the petition (ECF 1) is **DENIED** pursuant to Habeas Corpus Rule 4. The clerk is **DIRECTED** to close this case. Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

BACKGROUND

In his petition, Branson challenges the prison disciplinary hearing (ISP 16-01-210) where he was found guilty of Possession or Use of Controlled Substance in violation of Indiana Department of Correction (IDOC) policy B-202. ECF 1 at 1. The Conduct Report states:

> [d]uring the Investigation of Case 15-ISP-0175 the assault of Offender Branson, Orlando # 168888, a search of his cell produced a personal journal written by him,

> that describes his illicit drug business selling, buying
> and dealing with STG groups to be able to sell Synthetic
> Marijuana. During an interview, Offender Branson stated
> that they robbed him of his K-2 and that he is a dealer
> that was the motivation behind the assault of himself.

ECF 1-1 at 6.

Branson's hearing was held on February 9, 2016, by the Disciplinary Hearing Officer (DHO). ECF 1-1 at 3. Branson was sanctioned with the loss of 30 days earned credit time. *Id.*


DISCUSSION

Branson argues that the DHO had insufficient evidence on which to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need
> only] have the support of some evidence in the record.
> This is a lenient standard, requiring no more than a
> modicum of evidence. Even meager proof will suffice, so
> long as the record is not so devoid of evidence that the
> findings of the disciplinary board were without support
> or otherwise arbitrary. Although some evidence is not

2

> much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786.

The IDOC defines Possession or Use of Controlled Substance, offense B-202, as "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Indiana State law prohibits possession of any synthetic drug. IC § 35-48-4-11.5.

The DHO had sufficient evidence to determine that Branson had been in possession of synthetic marijuana in violation of B-202. Branson was discovered by security staff in his cell with multiple stab wounds. ECF 1-1 at 5. When interviewed regarding this incident, "Branson did give confirmation that he was robbed of his synthetic marijuana." *Id.* A journal was found in his cell that "documented his illicit drug trafficking business and dealing with STG groups to be able to sell." *Id.* The DHO reviewed the journal, listened to Branson's interview with Internal Affairs, reviewed the Conduct Report, and ultimately determined that Branson was

guilty of violating B-202. In light of this evidence, the DHO's determination was not arbitrary or unreasonable.

Branson argues that he should have been able to personally review the Internal Affairs interview and his confiscated journal. However, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Branson had a right to have the evidence reviewed by the DHO — he did not have the right to personally review all of the evidence himself. Furthermore, Branson was present during the Internal Affairs interview, and he authored the journal. Branson, therefore, had personal knowledge of the contents of the interview and journal.

Branson claims that he was denied his right to an impartial decision-maker. However, Branson does not identify why he believes the DHO was not impartial. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Here, there is no evidence or specific allegation that the DHO was dishonest or biased.

Branson argues that the IDOC failed to comply with its own policy. However, the IDOC's failure to follow its own policy does not rise to the level of a constitutional violation. *Estelle v.*

4

*McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process").

If Branson wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.


CONCLUSION

For the reasons set forth above, the petition (ECF 1) is **DENIED** pursuant to Habeas Corpus Rule 4. The clerk is **DIRECTED** to close this case. Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.


**DATED: April 20, 2017**

                                          **/s/RUDY LOZANO, Judge**
                                          **United States District Court**